**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**AUBREY DEXTER BRYANT,**

           **Plaintiff,**

**v.**                                        **No. 2:09-cv-02407-JPM-cgc**

**WALGREENS,**

           **Defendant.**

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Walgreen Co.'s Motion to Compel. (D.E. #12). The motion was referred to United States Magistrate Charmiane G. Claxton for determination. (D.E. #13).

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

Here, Plaintiff has ignored the Court's orders and has failed to participate in discovery. On August 10, 2009, the Court noticed a scheduling conference in the above referenced case and ordered the appearance of the pro se plaintiff and counsel for the defendant (D.E. # 7). At the

1

September 8, 2009 scheduling conference, Plaintiff did not appear.  Defendant filed a Motion to

Compel Plaintiff to respond to discovery requests.  (D.E.# 12).  Pursuant to Local Rule 7.2(a)(2),

the opposing party shall file a response within fifteen days after service of the motion, and failure

to respond timely may be deemed good grounds for granting the motion.  Plaintiff failed to file a

timely response to the instant motion. A hearing on the Motion to Compel was set for January 22,

2010.  Again, Plaintiff did not appear.  On February 5, 2010, the Court entered an order directing

Plaintiff to show cause within fourteen days as to why the Court should not issue a Report and

Recommendation that the instant motion be granted.  Pursuant to Rule 6(a) of the Federal Rules of

Civil Procedure, Plaintiff's response to the Court's Order to Show Cause was due February 19,

2010.  This deadline is  stated on the docket entry on the Court's Electronic Case Filing system

("Show Cause Response due by 1/20/2010") ( D.E.#16).  To date, no response to the instant motion

or to the Order to Show Cause has been filed.   Dismissal is appropriate pursuant to the Court's

inherent power to control its docket.

Accordingly, the Court RECOMMENDS that Plaintiff's Complaint be DISMISSED.


**IT IS SO ORDERED** this 24th day of February, 2010.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**